## UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF KENTUCKY
## AT PADUCAH
## CIVIL ACTION NO. 5:07-CV-164-R

**MARY CATHERINE WOLFE WORD**                                                              **PLAINTIFF**

**v.**

**COMMONWEALTH OF KENTUCKY** *et al.*                                                      **DEFENDANTS**

### OPINION AND ORDER

This matter is before the Court on Plaintiff's motion for emergency relief. Plaintiff is seeking an order to "halt or delay my sentencing in Christian County District Court [before] Judge Arnold Lynch scheduled for Monday, October 1, 2007 at 1 p.m. pending the outcome of my civil action filed in this Court on this day Friday, September 28, 2007." Plaintiff also states that "I need to take care of my mother, with whom I live, and it would cause her great hardship to be separated from me." Although not the model of clarity, in the motion Plaintiff appears to allege that she has not been provided with adequate counsel and fears that if she appeals her conviction/sentence she will receive harsher punishment from the sentencing judge, and that a jail sentence would prevent her from caring from her mother.

In order to obtain preliminary injunctive relief, it is incumbent upon the movant to show a strong or substantial likelihood of success on the merits, irreparable injury that will occur in the absence of the injunction, lack of harm to third parties by the issuance of the relief, and the interest of the public served by issuance of the injunction. *Frisch's Restaurant, Inc. v. Shoney's Inc.*, 759 F.2d 1261, 1263 (6th Cir. 1985); *In re DeLorean Motor Co.*, 755 F.2d 1223, 1229 (6th Cir. 1985). Here, there has been no showing of a likelihood of success on the merits.

"[A] federal court should not interfere with a pending state criminal proceeding except in

the rare situation where an injunction is necessary to prevent great and immediate irreparable injury." *Fieger v. Thomas*, 74 F.3d 740, 743 (6th Cir. 1996) (citing *Younger v. Harris*, 401 U.S. 37 (1971)). "*Younger* abstention in civil cases requires the satisfaction of three elements. Federal courts should abstain when (1) state proceedings are pending; (2) the state proceedings involve an important state interest; and (3) the state proceedings will afford the plaintiff an adequate opportunity to raise his constitutional claims." *Hayse v. Wethington*, 110 F.3d 18, 20 (6th Cir. 1997).

This matter is currently ongoing in the state court as Plaintiff has yet to be sentenced. The Commonwealth of Kentucky has an important state interest in adjudicating the matter and sentencing Plaintiff. Plaintiff has failed to articulate any reason (beyond mere speculation and conjecture) to believe that the Kentucky state courts will not fully and fairly litigate her claims. Furthermore, should Plaintiff receive an illegal sentence, there are avenues available for her to challenge that sentence in the state courts. While federal court relief might be a possibility in the future should state court remedies prove unavailable, Plaintiff has failed to show that the state courts are unable to protect her interests at this time. In light of these findings, the Court is prohibited from interfering in Plaintiff's state sentencing proceedings. Accordingly, Plaintiff's emergency motion (DN 4) is **DENIED**.

Date:

cc:     Plaintiff, *pro se*
        Defendants
        Christian County Attorney
4413.008