UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT PADUCAH
CIVIL ACTION NO. 5:07CV-164-R

**MARY CATHERINE WOLFE WORD**                                        **PLAINTIFF**

**v.**

**COMMONWEALTH OF KENTUCKY** *et al.*                          **DEFENDANTS**

**MEMORANDUM OPINION**

      Plaintiff, Mary Catherine Wolfe Word, filed this civil rights action against the Commonwealth of Kentucky, the Department of Public Advocacy, Christian County, Kentucky, and County Judge Executive Steve Tribble. In her complaint, Plaintiff explains that she was wrongfully charged and convicted of abuse to animals and was not provided with a "conflict attorney" to pursue her claims of inadequate/incompetent defense counsel. She is seeking one million dollars from each Defendant so that she can "move and supply a home and care to the pets and my mother also for pain and suffering and defamation of character" and a return of all the animals taken as a result of the animal abuse charges and conviction. Since Plaintiff is proceeding *in forma pauperis*, this Court must review the instant action pursuant to 28 U.S.C. § 1915(e) and *McGore v. Wrigglesworth*, 114 F.3d 601 (6th Cir. 1997). On review, the Court will dismiss Plaintiff's complaint without prejudice for the reasons stated below.

      Upon initial review of the complaint, this Court must dismiss a case if it determines that the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B). A claim is legally frivolous when it lacks an arguable basis either in law or in fact. *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). The Court may, therefore, dismiss a claim

as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. *Id.* at 327. When determining whether a plaintiff has stated a claim upon which relief can be granted, the Court must construe the complaint in the light most favorable to the plaintiff, accept all factual allegations as true, and determine whether the complaint contains "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, --U.S.--, 127 S. Ct. 1955, 1974, 167 L. Ed. 2d 929 (2007).

Essentially Plaintiff claims that her civil rights have been violated because she was maliciously prosecuted and wrongly convicted by Defendants. As a result, she is seeking money damages. However, Plaintiff does not allege that her criminal conviction has been set aside. "In order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254. " *Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994). A claim for damages related to a conviction or sentence that has not been so invalidated is not cognizable. *Id.* at 487. Therefore, when a plaintiff seeks damages in a civil rights suit arising out of a conviction, a "district court must determine whether a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence; if it would, the complaint must be dismissed unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated." *Id.*

Here, a judgment in Plaintiff's favor would undoubtably imply the invalidity of her

conviction and sentence.  Thus, because Plaintiff does not allege that her conviction has been overturned, expunged, or called into question by a writ of habeas corpus,[1] her allegations relating to her criminal prosecution, conviction, and sentence against Defendants fail to state a claim for which relief may be granted and must, therefore, be dismissed.  *See Adams v. Morris*, 90 Fed. Appx. 856, 858 (6th Cir. 2004).  Because Plaintiff's claims are being dismissed pursuant to *Heck*, the dismissal is without prejudice.  *See Diehl v. Nelson*, No. 98-2148, 1999 U.S. App. LEXIS 29992, at *3 (6th Cir. Nov. 12, 1999) (citing *Fottler v. United States*, 73 F.3d 1064, 1066 (10th Cir. 1996)).

To the extent that Plaintiff is seeking to have her criminal conviction vacated or set aside in this civil rights action, the complaint is also subject to dismissal.  If Plaintiff seeks to have this Court set aside her conviction and resulting sentence her "sole federal remedy is a petition for writ of habeas corpus."  *Preiser v. Rodriguez*, 411 U.S. 475, 500 (1973).  Section 1983 is not a permissible alternative to the traditional remedy of habeas corpus.  *Id.*  Thus, to the extent Plaintiff is seeking to be released from custody,[2] her action should have been filed as a petition for a writ of habeas corpus after exhaustion of her claims in state court rather than a civil rights action for money damages.  Because it is not entirely clear from the face of the complaint that Plaintiff has properly exhausted her ineffective assistance of counsel claims in the state court,[3]

---

[1] In fact, it is clear from the face of Plaintiff's complaint that her conviction has not been set aside.

[2] The Court notes that in a previous action filed in this Court Plaintiff indicated that as a result of her conviction she was sentenced to a term of two years probation and ordered to pay a fine.  The Sixth Circuit has held that probation satisfies the "in custody" requirement of § 2254.  *Miskel v. Karnes*, 397 F.3d 446, 450 (6th Cir. 2005).

[3] While it appears from the face of Plaintiff's complaint that she may have pursued a direct appeal of her conviction, she is alleging ineffective assistance of counsel claims in this

the Court declines to construe Plaintiff's complaint as seeking habeas relief. *See Parker v. Phillips*, 27 Fed. Appx. 491 (6th Cir. 2001). By separate Order, however, the Court will direct the Clerk of Court to provide Plaintiff with a copy of the instructions and form for bringing a habeas corpus action pursuant to 28 U.S.C. § 2254 in this Court.

The Court will enter a separate Order consistent with this Memorandum Opinion.

Date:

cc: Plaintiff, *pro se*
4413.008

---

action. In Kentucky, it is "a general rule that claims of ineffective assistance are not properly raised on direct appeal, but rather must proceed by way of a post-trial motion under RCr 11.42 to allow the trial court the opportunity to review the issues." *Furnish v. Commonwealth*, 95 S.W.3d 34, 52 (Ky. 2002). While Plaintiff appears to allege that she was not provided with counsel to raise such claims, the United Supreme Court has unequivocally held that "there is no constitutional right to an attorney in state post-conviction proceedings." *Coleman v. Thompson*, 501 U.S. 722, 752 (1991).